PER CURIAM.
The State appeals the sentence imposed upon the appellee, M.A.P., after he pled guilty to misdemeanor possession of marijuana. We reverse.
The State charged M.A.P. with misdemeanor possession of marijuana. He pled guilty. The trial court withheld adjudication and ordered that M.A.P. be placed on community control. At the sentencing hearing the state requested that the trial court suspend M.A.P.’s driver’s license. The trial court postponed a decision on this matter but eventually refused to suspend M.A.P.’s driver’s license. The State filed a timely appeal.
The State contends that the trial court erred by refusing to direct the Department of Highway Safety and Motor Vehicles to suspend M.A.P.’s driver’s license. We agree. Section 322.056, Florida Statutes (1995), requires a trial court to direct that the driving privileges of persons under 18 years of age be suspended if they have been found guilty of or delinquent for a violation of certain offenses. It is undisputed that the charge in this case falls within the statute. The language of section- 322.056 leaves no discretion in the trial court. See State v. M.D., 706 So.2d 41 (Fla. 2d DCA 1998).
Because M.A.P.’s guilty plea was entered while he was 17 years of age, the trial court was required to direct the Department of Highway Safety and Motor Vehicles to suspend his driving privileges. The failure to do so constitutes reversible error.
Reversed and remanded for resentencing.
CAMPBELL, A.C.J., and ALTENBERND and GREEN, JJ., concur.