PATTERSON, Acting Chief Judge.
The State appeals from a final disposition order which directs the Department of Highway, Safety and Motor Vehicles to suspend M.L.R.’s driving privileges for six months. We reverse and remand because, as the State argues, the trial court should have directed that M.L.R.’s driving privileges be suspended for two years, pursuant to section 322.056, Florida Statutes (1997).
The State filed a petition for delinquency against M.L.R. and alleged that on November 12, 1997, M.L.R. was in possession of marijuana, a violation of section 893.13, Florida Statutes (1997), and was in possession of drug paraphernalia, a violation of section 893.147, Florida Statutes (1997). M.L.R. entered a guilty plea to the charges, and the trial court adjudicated him delinquent. At the disposition hearing, the State advised the court that M.L.R. had a prior possession of paraphernalia in 1996, and thus, his driver’s license or privilege to drive would be subject *260 to suspension for two years. Upon learning that M.L.R. did not have a previous suspension, the court ordered that his license be suspended for six months. The State objected to the six-month suspension and appealed from the disposition order.
Section 322.056, Florida Statutes (1997), provides in pertinent part:
322.056 Mandatory revocation or suspension of, or delay of eligibility for, driver’s license for persons under age 18 found guilty of certain alcohol, drug, or tobacco offenses; prohibition.
(1) Notwithstanding the provisions of s. 322.055, if a person under 18 years of age is found guilty of or delinquent for a violation of s. 562.11(2), s. 562.111, or chapter 893, and:
(a) The person is eligible by reason of age for a driver’s license or driving privilege, the court shall direct the department to revoke or to withhold issuance of his or her driver’s license or driving privilege for a period of:
1. Not less than 6 months and not more than 1 year for the first violation.
2. Two years, for a subsequent violation.
Section 322.056 requires the trial court to direct the suspension of a juvenile’s driving privileges when the court finds the juvenile guilty of or delinquent for certain alcohol, drug, or tobacco offenses. The trial court lacks discretion as to whether it can impose a suspension under this provision. See State v. M.A.P., 708 So.2d 322 (Fla. 2d DCA 1998); State v. R.N., 597 So.2d 862 (Fla. 5th DCA 1992). Upon a first violation, the trial court does have discretion as to the length of the suspension and may order the suspension for “[n]ot less than 6 months and not more than 1 year.” § 322.056(l)(a)l., Fla. Stat. (1997). Upon a subsequent violation, however, the statute mandates a two-year suspension. See § 322.056(l)(a)2., Fla. Stat. (1997). The statute does not require a prior suspension to invoke the two-year suspension, as the trial court apparently believed. Rather, the statute requires a two-year suspension upon a “subsequent violation,” referring to an alcohol, drug, or tobacco offense.
Here, M.L.R. was adjudicated delinquent for possession of marijuana and drug paraphernalia. The predisposition report revealed a previous adjudication for a misdemeanor drug offense, possession of drug paraphernalia. Thus, the adjudication of delinquency in this case is a “subsequent violation” which requires a two-year suspension under section 322.056(l)(a)2. Accordingly, we reverse the disposition order and remand for the trial court to enter a disposition order that directs the Department of Highway, Safety and Motor Vehicles to suspend M.L.R.’s driving privileges for two years.
Reversed and remanded.
ALTENBERND and SALCINES, JJ., Concur.